## 46835.   FARLEY v. STATE OF GEORGIA.

DEEN, Judge. 1. The 13-year-old appellant was found by the juvenile court judge to have committed two acts of theft and to have stabbed his employer. This appeal is from a final order of placement in a juvenile detention home. The juvenile admitted the stabbing and claimed it was done in self-defense. The witness for the State offered testimony sufficient to support a finding both that the stabbing was in anger rather than self-defense and that the boy had in fact stolen sums of money on previous

occasions. It is therefore sufficient to support the judgment. Appellant contends that the prosecutrix' evidence, taken as a whole, is incredible in that if she had been sure, as she now testifies, that the juvenile was taking money from a money box, cash register, and her purse, she would not have allowed him to continue working as she did. *Patton v. State,* 117 Ga. 230 (5) (43 SE 533). "The motives actuating the witnesses for the State were for consideration by the jury in weighing their testimony, and may not be inquired into by this court." *Nelson v. State,* 19 Ga. App. 141 (91 SE 219). What appellant here seeks to question are not inherently impossible states of facts but rather what he considers to be improbable motives, and this question is for the trior of fact alone.

2. The juvenile court petition alleged that on a given date the child "attacked petitioner with a butcher knife and did wound her in the back." The juvenile admitted the act but claimed it was because his employer grabbed him and was choking him. The judge ruled in part: "The court finds as a matter of fact that the petitioner has established beyond a reasonable doubt that this juvenile did commit an aggravated assault upon her person with intent to kill and with a deadly weapon as charged in the petition." It is contended that this ruling is error because the petition did not in fact charge an assault with intent to kill. Assault with a deadly weapon having been proved (using a butcher knife to stab another in the back being likely to produce death), the question resolved itself into whether the defendant was motivated by malice or by passion. *Harrington v. State,* 70 Ga. App. 55 (27 SE2d 352). Intent to kill may be inferred under the circumstances. *Lovett v. State,* 9 Ga. App. 232 (3) (70 SE 989). Nevertheless, it is true that intent to murder was not charged by the prosecutrix, the defendant was not put on notice that he was being accused of an attempt to take a human life, and the evidence of the prosecutrix herself, who is the only eyewitness, is to the effect that

the knife was lying by chance immediately at hand and that the defendant seized and struck with it only when the prosecutrix refused to let him leave and announced her intention of taking him immediately to his father to settle the question of her accusations that he had stolen money. There is no doubt that fear of his father was the immediate precipitating cause of the attack. The words in the order: ". . . with intent to kill . . . as charged in the petition" are incorrect and are not sufficiently supported by evidence.

*Judgment affirmed with direction that the language above noted be stricken from the findings of fact. Jordan, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 6, 1972—DECIDED JANUARY 20, 1972.

*Thomas M. Jackson,* for appellant.
*D. D. Veal,* for appellee.